Opinion of the court, by
Judge Wood :
The plaintiff contends the court of common pleas erred in sustaining the demurrer to the second, third, and fourth special pleas, and that its proceedings must be reversed. This is the principal error he has assigned, and the only one on which be appears to rely. We do not know the reason that court gave for its decision, and it would be time misspent to inquire, for we do not reverse its decision, because an erroneous reason may be given for it, so long as the judgment itself is, in our opinion, correct.
The declaration avers the note was executed in Knox county.' *The pleas under consideration do not controvert this fact.
No question, then, as it is sued in our courts, can arise as to its not being subject to be controlled by our laws. If a party in Ohio will screen himself from liability, because he was surety, and notified the creditor to proceed against the principal debtor, such notice must be given in writing. 29 Ohio Stat. 461. Jenkins v. Clarkson, decided the same question at the present term. Counsel say, however, that it may be shown on the trial that such notice was in writing, but it is unnecessary to aver i.t in the plea. We entertain a different opinion. When a promise is required to be in writing, it may be declared on, generally, in a declaration; but a plea must be more certain, and show the promise in writing, or such plea will be bad on special demurrer, and such is the authority of Chitty. 1 Chit. Pl. 213, citing 1 Saund. 276 a, n. 2. The demurrer was, therefore, properly sustained to the special pleas.
The demurrer to the replication to the fifth special plea is now to be considered, and it may be truly said to contain scarcely one-requisite to make a good replication. It neither denies, confesses, avoids, nor estops the plaintiff in error from setting up any One fact the plea contains. 6 Dane’s Abr., chap. 180. It has no legal commencement. It is more general than the declaration it is intended to sustain, and is a proper answer to the plea in no one particular. It is most clearly bad, and the demurrer to it is correctly *234 sustained, provided the plea itself is good ; but the demurrer to the replication opens the plea for inspection, and judgment must be given against him who committed the first fault in pleading. This plea of the statute of Maryland, in bar of the action, avers that the parties resided in Maryland, at the time of the execution of the contradi but does not aver that they resided there wheu the cause of action accrued. If, then, the defendant had left that state before the note became due, and this the plea does not negative, the statute of Maryland would be no bar to the action. The plea, then, is bad, and the court of common pleas erred in sustaining the demurrer to the replication, for the replication is good enough for the plea. The court, on this demurrer to the replication, should have overruled' the plea, and its decision would have been technically correct. The court of common pleas has, however, given judgment for the defendant in error, and the judgment is right, ^though the reason assigned for it may be wrong. The judgment of the court •of common pleas is affirmed with costs.