**PROFESSIONAL ACCEPTANCE CORP.**
**v HOELSCHER et**

Ohio Appeals, 2nd Dist, Greene Co

No 441. Decided April 21, 1939

Arnold Schaeffer, Dayton, for appellant.

W. S. Rhotehamel, Dayton, for appellee.

## OPINION

BY THE COURT:

This cause had its inception in the Municipal Court of the City of Xenia. It began by filing therein a cognovit note together with a petition and answer, upon which a judgment was entered under date of March 15, 1937. The defendant, Nora Hoelscher, on the 15th of May, 1931, executed to C. J. Gensler a promissory note for $42.72, payable at the rate of $5.72 on the 14th of June and $5.00 per month thereafter. The note contained an acceleration clause and the usual power of attorney. It is alleged that the note was transferred by endorsement by C. J. Gensler to the plaintiff for value on the same day of its execution and that nothing has been paid thereon and judgment was prayed for the face thereof together with interest.

At the same time there was filed an answer by D. M. Aultman denominating himself as attorney for defendants in which he made the usual waivers, entered appearance and confessed judgment against said defendants for the sum of $58.76. On the same day the Court entered judgment as upon confession upon warrant of attorney by the attorney for the defendants and judgment was awarded to the plaintiff and against the defendant for the sum of $58.76.

Thereafter, on March 19, 1937, the defendant, Gensler, for the purpose of the motion and waiving none of his rights and not entering appearance, moved to set aside the default judgment for the reasons therein stated, which was supported by affidavit. Thereupon on the 27th of March, 1937, the Court in an entry naming only Gensler as a defendant decreed that the judgment be vacated and ordered that the defendant file his answer within five days.

Thereupon on April 8, 1937, without reservation of entry of appearance an answer was filed by Gensler denying the allegations of the petition and praying that they be dismissed. The jurat is signed by Gensler.

It will be observed that the last several pleadings name only Gensler as defendant and do not refer to the maker of the note, Nora Hoelscher.

At a later date the Municipal Court made a finding of fact and law, stating in substance, that a judgment was taken against the defendants on March 15th on a cognovit note signed by Hoelscher payable to Gensler and endorsed by him to plaintiff. The endorsement of the note is set out in full under the general endorsement "Pay to the order of the Professional Acceptance Corporation." The endorsement includes the statement that the undersigned guarantees the note and waives demand, protest, presentment and notice of non-payment and authorizes the appearance by an attorney in the usual form of a cognovit note and waives all rights of appeal from the judgment.

It might be noted that the endorsement thus set out is that appearing on the back of the note signed by Gensler and has no reference to the power of attorney appearing on the face of the note signed by Nora Hoelscher by virtue of which the original judgment was taken on the 15th of March and which endorsement is not referred to in the petition upon which such judgment was rendered.

The finding of facts further recites that after execution was issued the defendant made application to set the judgment aside and filed an answer, which application was granted and the defendant filed an answer setting out that on November 18, 1932, he mailed a notice to the plaintiff requesting that they proceed against the principal under §12191 GC and that the plaintiff did not proceed against the principal until March 1937 when it took a judgment against the principal and Gensler. It is

stated that the cause was submitted on the facts stated.

The finding of the facts states that the answer alleged the notice to the plaintiff requesting that they proceed against the principal. No such allegation appears in the answer that is in the transcript. There is still some uncertainty as to which defendant filed the answer, but there appears enough to indicate that it was filed by Gensler.

The Court found as a matter of law that §12191 GC applied to the case and that Dr. Gensler guaranteed to pay if the principal did not; that he made demand that the creditor proceed against the principal and he thereby did all that he could. The Court states that if there were no statutes the guarantor would have been released by reason of laches. The petition was denied, and judgment for Gensler.

A motion for new trial was filed and an entry made on June 8, 1937 to the effect that the cause came on to be heard upon the petition and the answer of Gensler, both parties being present in court, and the court finds that the note involved was a negotiable cognovit note signed by the defendant, Nora Hoelscher, as maker and endorsed by the defendant, Gensler, upon the back of the note as guarantor; that Gensler mailed the registered notice to plaintiff to proceed under §12191 GC. The Court finds that by virtue of said section Gensler was relieved of all liability to said plaintiff due to the failure of plaintiff to proceed. The Court finds for the defendant, Gensler, and against the plaintiff reserving the plaintiff's right against the defendant, Nora Hoelscher, and dismissing the petition as to Gensler.

The plaintiff-appellant gave notice of its intention to appeal to the court of common pleas for a reversal of the decision, said appeal being upon questions of law and fact. In the Court of Common Pleas a petition and an assignment of errors was filed reciting the matters already related and alleging that the court applied section 12191 GC to the case and disregarded the plaintiff's contention that as a nego-

tiable instrument certain sections, to-wit, §8145, et al were applicable. The petition also recites that the court found Gensler was a guarantor and that he, as a surety, was relieved from liability.

The plaintiff sets out an assignment of ten errors, among them being that the court erred in holding that the signature of Gensler was not an endorsement under §8168 GC and in applying §12191 to a guarantor.

Gensler filed a motion reserving entry of appearance asking the court to dismiss the appeal for the reason that the court has no jurisdiction over the person of the defendants; that no service of process has been made and no appeal bond filed and that proper proceedings for review have not been filed as required by law.

Upon trial the court of common pleas held that the Municipal Court correctly stated the law and the judgment of that court was affirmed, the entry reciting that the cause came on for hearing on the appeal and motion of the defendant to dismiss and was submitted to the court and that the court finds that the case was submitted to the Municipal Court upon the evidence and the ruling of that court is correct and is affirmed and the appeal dismissed.

Thereupon the plaintiff-appellant gave notice of its intention to appeal to the court of appeals for reversal of the decision and judgment of the municipal court which was affirmed by the court of common pleas, said appeal being upon question of law.

Sec. 12223-5 provides,

"Notice of appeal shall designate the order, judgment or decree appealed from and whether the appeal shall be on questions of law or of law and fact."

The notice of appeal, filed in the Court of Common Pleas, was for reversal of the decision and judgment of the Municipal Court of the City of Xenia, which was affirmed in case No. 21461 of the Court of Common Pleas. We have some doubt as to whether a notice of

appeal filed in the Common Pleas Court shall be deemed perfected when the written notice is filed with the lower court but where it gives notice of intention to appeal for a reversal of the judgment of the Municipal Court, which judgment was affirmed by the Court of Common Pleas.

However, we are not disposed to be technical upon this matter, but would call counsel's attention to the fact that it might be more appropriate to closely follow the statute.

The entry in the Common Pleas Court shows that it coming to the attention of that court that the plaintiff is intending to appeal to the Court of Appeals upon question of law, it is ordered that a bond for costs only be required in the sum of $50.00. No bond appears to have been given for costs or for any other matter so far as the record discloses.

Sec. 12223-6 GC provides that except as provided in §12223-12 GC no appeal shall be effective as to appeal upon questions of law and fact until a bond is filed. §12223-9 GC provides that the appeal shall not operate as a stay of execution unless a supersedeas bond be executed.

The above action being for an appeal on questions of law, ▄▄▄▄▄▄ ▄ no bond is required as claimed by counsel for defendant.

Complaint is made that there is in this case no bill of exceptions. §11564 provides,

"When the decision is not entered on the record, or the grounds of the objection do not sufficiently appear in the entry * * * the party excepting must reduce his objections to writing."

In the case at bar the grounds of objection do sufficiently appear in the entry and upon the note ▄▄▄▄▄▄ ▄ bearing the guaranty endorsement of defendant, Gensler, a part of the transcript of pleadings, etc., and no bill of exceptions is required.

The sole question is whether or not the payee of this particular negotiable instrument, by virtue of the endorsement set out in the finding of facts, could avail himself of the provision of §12191 GC, or whether his liability is controlled by the provisions of the Negotiable Instruments Act, either those relating to the right of a holder in due course or those providing for the liability of parties.

The court based its judgment upon the provisions of §12191, holding that that section was intended to apply to the case at bar and that the payee of the note made the proper demand under said section and that no action having been brought, he was released from further obligation.

Sec. 12191 GC provides:

"A person bound as surety in a written instrument for the payment of money or other valuable thing, if a right of action accrued thereon, may require his creditor, by notice in writing * * * * "

If the defendant, Gensler, falls within the provisions of this section, then the court was correct in its decision. If, however, the Negotiable Instruments Act imposes upon him obligations different from that as "surety" then those provisions would control.

The Negotiable Instrument sections 8156 et seq provide, without especially noting each section, that the holder of a negotiable instrument may sue; that one is a holder in due course who has taken the instrument under the conditions named; that the holder in due course holds the instrument free from any defect of title of prior party and free from defense available to prior parties, among themselves, and may enforce payment of the instrument for its full amount against all parties liable thereon. The maker of a negotiable instrument engages he will pay according to its tenure and admits the existence of the payee and his then capacity to endorse. A person placing his signature upon an instrument, otherwise than a maker, drawer or acceptor is deemed to be an endorser, unless

it clearly appears otherwise. Every person negotiating an instrument by delivery or by a qualified endorsement warrants that the instrument is genuine and in all respects what it purports to be; that he has a good title to it; that he has no knowledge of any fact which would impair its validity. Every endorser who endorses without qualification warrants to all subsequent holders in due course certain matters and engages that upon dishonor he will pay the amount thereof to the holder.

Sec. 8189 GC provides that subject to the provisions of this chapter, when the instrument is dishonored by non-payment, an immediate right of recourse to all parties secondarily liable accrues to the holder.

Sec. 8224 GC enumerates five methods in which a negotiable instrument may be discharged. This section was formerly 3175j referred to in the case of **Richards v Bank, 81 Oh St 348.** Syllabus of the Richards case states:

"Sec. 3175j, **Revised Statutes,** relating to the discharge of negotiable instruments, provides in what manner, and for what causes, such instruments may be discharged, and, by force of the rule **expressio unius est exclusio alterius,** sureties upon such instruments who are primarily liable thereon cannot be otherwise relieved from responsibility for their payment."

This case is interesting in that it discusses at considerable length the effect of the Negotiable Instruments Act holding, in substance, that the act is complete in itself and that whatever may have been the holding of the court prior to its passage are covered by its provisions. The case is too long to permit us to attempt to set out its holding in any satisfactory detail. It should be carefully read and studied.

This court is of the opinion that the matter set out on the back of the note signed by Gensler which provisions are made a part of the court's finding of facts are not such as modifies the obligation of the endorser as

provided by the several sections of the Negotiable Instruments Act as interpreted in the case of Richards v Bank, supra.

It should be kept in mind that this defendant was before the trial court not by virtue of the provisions of his endorsement which embraced the general provisions or a cognovit note, but by virtue of his answer filed by him after the Court had sustained his motion to set aside the cognovit judgment. In that motion he made reservation of his limited appearance. In his answer, however, he makes no reservation and confines himself to a general denial that he is indebted to the plaintiff. His answer does not set up the defense of discharge by virtue of demand made by him that the creditor proceed against the principal debtor or under the provisions of §12191 GC.

Were defendant's position to prevail it would result in a situation whereby the payee of a promissory note, who has endorsed it in due course to an innocent holder, might demand that such holder bring an action against the maker or failing to do so should lose the benefit of the endorsement of the payee. This, it seems to us, would be entirely out of harmony with the provisions of the Negotiable Instruments Act.

Judgment of the Court of Common Pleas and of the Municipal Court reversed and cause remanded for further proceedings.

HORNBECK, PJ, GEIGER & BARNES, JJ, concur.