BANK ONE OF NORTHEASTERN OHIO, NA,
*v.* MUSSER.

(No. 82 CV G 857—Decided July 1, 1983.)

Willoughby Municipal Court.

*Mr. Gordon S. Bruce,* for plaintiff.

*Mr. Stewart W. Savage,* for defendant.

CRANE, J. This matter is a suit by the plaintiff, Bank One of Northeastern Ohio, against the defendant, Donald L. Musser, on a promissory note executed on January 3, 1974. The matter was tried to the court without a jury, during which time evidence was presented by the plaintiff. When the plaintiff rested, the defendant made a motion to dismiss. The court took that motion under advisement because of the legal argument made thereunder and asked the parties to brief their arguments. The defendant did not take the stand, nor was he present at trial having voluntarily waived the right to be present, although evidence was presented by the defendant by introduction of the bank's official file on this matter.

The court finds from the evidence that three people signed the note on January 3, 1974, to wit: Mr. and Mrs. Starkweather and Donald L. Musser, the defendant herein. Uncontroverted testimony indicated that Musser was the father of Mrs. Starkweather.

The bank's official file also reveals that Mr. and Mrs. Starkweather had insufficient credit to qualify them for an automobile loan, and that they were initially rejected. Thereafter, the evidence discloses that the bank reconsidered its rejection upon the representation of Mrs. Starkweather's father that he would become liable on the note. The record shows that the bank did a full and independent credit check on Musser before they accepted him as an obligor on the note.

The evidence further shows that the note itself clearly designates Musser on the face of the note as an obligor and not as a surety.

There is no question that the automobile was in the possession of the Starkweathers, and upon their divorce, the automobile became the possession of Mr. Starkweather from whom it has been repossessed by the bank. There has been no question raised regarding the validity of that repossession.

Subsequently, upon default on the note, Bank One sued Mr. and Mrs. Starkweather obtaining a judgment against them. Part of that judgment was paid, and a garnishment was undertaken of Mr. Starkweather's wages. At the time of the trial of this matter a second garnishment was pending against Mr. Starkweather which, to the best of this court's knowledge, had not yet been concluded at the time of the trial.

Defendant argues that he has no liability on his note as he, despite the apparent designation of his signature, was merely a surety. The defendant asked the court to find that he undertook to pay this

money only upon the event that the principals, his daughter and son-in-law, failed to do so. Defendant cites R.C. 1341.03, and asks that this court find that defendant was a surety in fact, anything in the contract expressed to the contrary notwithstanding. Evidence at trial was introduced by the defendant that the bank's official file was listed in the name of "Starkweather," and that the bank itself, in its own internal document, listed Mr. Starkweather as the primary obligor and the other two persons in a secondary capacity.

Defendant also argues that the bank has failed to provide him, as surety, with the necessary notice. Additionally, he argues that he should be free from liability under R.C. 1341.04 in that he has given the bank adequate notice of the location and whereabouts of the primary obligor, David Lee Starkweather, and that the bank has simply ignored this written notice.

The bank, on the other hand, argues that the surety provision of R.C. 1341.04 excludes an obligation entered between a bank and the maker. Plaintiff cites *Richards* v. *Market Exchange Bank,* (1910), 81 Ohio St. 348. It also suggests that the official comments to the Revised Code clarify that an accommodation party who signs a negotiable instrument (as distinguished from a contract) as a maker is primarily liable. R.C. 1303.51(B) and Official Comment thereto.

The court agrees with the plaintiff. Even if this court could find on the basis of the evidence in the record that Musser intended to be a surety, it cannot overlook the compelling evidence that he signed as someone primarily liable. The history of the rejection of the loan, the independent credit checks, and the place where defendant signed the loan are all evidence that the plaintiff wanted defendant primarily liable in order to agree to loan money to two young people who were without credit. Defendant's consideration was clear that he was helping a member of his immediate family and her husband.

Moreover, the court cannot find that defendant availed himself of the statutory protections for a surety. R.C. 1341.04 requires that the surety must properly invoke this section so as to claim its benefit. The section requires the surety to make a demand in writing. While the defendant might argue that the answer to the complaint is a demand in writing, the court does not agree. The reasoning in the old case *Headington* v. *Neff* (1835), 7 Ohio 229, is still persuasive to this court. In that case it was held that notice was required by the predecessor section to R.C. 1341.04 and that the notice must be in writing, and that an answer in a lawsuit setting up the defense while contemplated under the statute did not comply with the notice requirements. Furthermore, in *Professional Acceptance Corp.* v. *Hoelscher* (App. 1939), 29 Ohio Law Abs. 666, the court refused to accept a general denial in an answer as a sufficient written allegation to set up a defense of discharge. This court concludes that R. C. 1341.04 contemplates a two-step procedure: a demand by the creditor for payment, and a return demand in writing and an answer specifically pleading discharge by virtue of the previous written demand.

In this case, the defendant did not do what was required of him by the statute. There is evidence that the bank made demand upon the obligor, Musser, for payment. There is no evidence at all that the defendant at any time prior to the lawsuit made the whereabouts of the other obligors known to the plaintiff by any type of writing. Nor is there any evidence of such demand in the record even subsequent to the filing of the lawsuit, except for the filing by the defendant of his general denial in his answer.

The defendant, arguing in the alternative, suggests that the time elapsed between the making of this note and the suit upon it is burdensome and should bar this suit under the theory of laches. The court notes that the statute of limitations involved in a promissory note is fifteen years and that this suit was filed in a time-

ly fashion. The court finds no reliance upon the bank's failure to file suit to the detriment of the defendant. The bank properly executed upon the collateral before seeking payment from the other obligors, and there is no permanent change of circumstances in evidence in this matter that has in any way injured Musser.

Accordingly, this court finds that the defendant was a co-maker of the note, and as such is obligated to pay the note upon default, or the balance due at the time of this judgment. Secondly, the court finds that if the defendant had been a surety, that the procedures followed herein were incomplete to raise the question of compliance with the creditor pursuant to R.C. 1341.04. Finally, the court finds that there is no laches involved herein sufficient to bar this suit.

Accordingly, judgment shall be granted for the plaintiff in the sum of $935.72, plus interest.

*Judgment for plaintiff.*